UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

UNITED STATES OF AMERICA,

      Plaintiff/Respondent,

v.

                                        **MEMORANDUM OF LAW & ORDER**
                                        Criminal File No. 11-85 (MJD/LIB)

DOUGLAS WAYNE TARNOW,

      Defendant/Petitioner.
_____

Clifford B. Wardlaw, Assistant United States Attorney, Counsel for Plaintiff.

Douglas Wayne Tarnow, pro se.
_____

## I. INTRODUCTION

This matter is before the Court on Petitioner Douglas Wayne Tarnow's pro se Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. [Docket No. 102]

## II. BACKGROUND

On March 8, 2011, Douglas Wayne Tarnow ("Petitioner") was indicted for Aggravated Sexual Abuse, pursuant to 18 U.S.C. §§ 1151, 1153(a), 2241(a)(1) and

1

2246(2). [Docket No. 10] Petitioner entered a plea of not guilty and trial was set for May 9, 2011. [Docket No. 13] On May 19, 2011, a jury found Petitioner guilty of Aggravated Sexual Abuse. [Doc. No. 58] On March 22, 2012, this Court sentenced Petitioner to 480 months in prison and to a lifetime of supervised release. [Docket No. 75]

Petitioner appealed his conviction and sentence, asserting that the evidence was insufficient to sustain his conviction and that the Court abused its discretion: (1) in allowing in testimony relating to Petitioner's prior bad acts and (2) in declining to instruct the jury on a lesser offense. United States v. Tarnow, 705 F.3d 809 (8th Cir. 2013). The Eighth Circuit rejected Petitioner's arguments and affirmed the judgment of this Court. Id.

On May 12, 2014, Petitioner timely filed the instant pro se Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255. [Docket No. 102]

In his § 2255 Petition, Petitioner sets forth three grounds for relief. First, he argues that his trial counsel was ineffective in that he "fail[ed] to learn the facts and familiarize himself with the law; fail[ed] to properly object to testamony [sic] by [the] government to material misrepresentation . . . ; [f]ail[ed] to properly

2

prepare adequate defense; [and] fail[ed] to gather pertinent evidence to allow defendant to testify." Id. Petitioner specifically asserts that his attorney failed to familiarize himself with Petitioner's tribal laws and treaties during the course of his representation of Petitioner. [Docket No. 109]

Second, Petitioner asserts it was an abuse of judicial discretion for the Court to deny "several motions causing conflict of interest for counsel; allow[] government material evidence to be misrepresented . . . (Treaty rights and jurisdiction); [and] allow[] [the] government to use unfair tactics to obtain conviction." [Docket No. 102]

Finally, Petitioner claims that the Court lacked jurisdiction due to Petitioner's status as a member of the Red Lake Band of Chippewa Indians. Id.

### III. DISCUSSION

    **A.**    **Standard for Relief under 28 U.S.C. § 2255**

28 U.S.C. § 2255 (a) provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

3

This statutory provision limits a petitioner's ability to appeal, allowing relief only under certain circumstances:

> Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice. A movant may not raise constitutional issues for the first time on collateral review without establishing both cause for the procedural default and actual prejudice resulting from the error.

United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996) (citations omitted); see also United States v. Wiley, 245 F.3d 750, 752 (8th Cir. 2001) ("Issues raised and decided on direct appeal cannot ordinarily be relitigated in a collateral proceeding based on 28 U.S.C. § 2255.")

Alternatively, failure to raise a constitutional issue can be excused if the defendant is actually innocent. Bousley v. United States, 523 U.S. 614, 622 (1998). To qualify for this exception, petitioners must produce convincing new evidence of actual innocence. Id. This exception is "'rare,' and available only in the 'extraordinary case.'" Id. (internal citations omitted).

A petitioner is entitled to an evidentiary hearing on a 28 U.S.C. § 2255 motion, "[u]nless the motion and the files of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

4

> [A] petition can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.

Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995) (citations omitted).

    **B.**    **Ineffective Assistance of Counsel Standard**

To obtain relief for ineffective assistance of counsel, Petitioner must establish both that his counsel's performance "fell below an objective standard of reasonableness," and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 688, 692 (1984). "Counsel's performance is deficient when it is less competent than the assistance that should be provided by a reasonable attorney under the same circumstances." Chambers v. Armontrout, 907 F.2d 825, 828 (8th Cir. 1990) (citing Strickland, 466 U.S. at 687).

The burden first falls on Petitioner to establish a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. Counsel's performance is deficient if it falls outside of the "wide range of reasonable professional

assistance," although there is a strong presumption that counsel's conduct falls within this broad spectrum.  Strickland, 466 U.S. at 689.

"Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable."  Id. at 687.  The Court "need not address the reasonableness of the attorney's behavior if the movant cannot prove prejudice."  Apfel, 97 F.3d at 1076.

      C.      **Ineffective Assistance of Counsel and Jurisdictional Challenge**

In addressing both of Petitioner's claims, the Court will focus on the second prong of Strickland – actual prejudice, because that issue is dispositive.  See id.

          1.      **Failure to Provide Adequate Defense**

Petitioner argues that counsel failed to provide an adequate defense.  [Docket Nos. 102, 109]  In support, Petitioner claims that counsel did not interview the victim prior to trial.  [Docket No. 109]  Petitioner also submitted a letter to the Court, dated April 27, 2011, in which his attorney requested that Petitioner's trial date be moved due to a scheduling conflict.  [Docket No. 102]

Petitioner cites this letter in support of his assertion that his counsel "did not have enough time to familiarize nor prepare the case for trial." [Docket No. 109]

### a.     Failure to Interview the Victim

"There is . . . no per se rule that failure to interview witnesses constitutes ineffective assistance.  Ineffective assistance cases turn on their individual facts." Sanders v. Trickery, 875 F.2d 205, 209 (8th Cir. 1989).  In evaluating the facts, deference should be given to an attorney's exercise of professional judgment in both preparing and trying a case.  See United States v. McMillan, 606 F.2d 245, 247 (8th Cir. 1979).

Assuming, as Petitioner alleges, that defense counsel failed to interview the victim, resulting in deficient representation, Petitioner must still establish prejudice.  Id.  Failure to interview causes prejudice if, by interviewing the victim, counsel would have uncovered "the existence of admissible evidence . . . which would have proved helpful to the [petitioner] either on cross-examination or in his case-in-chief at the original trial."  Id. at 248 (quoting Reynolds v. Mabry, 574 F.2d 978, 980 (8th Cir. 1978)).

Petitioner has failed to cite to any helpful, admissible evidence that would have been discovered by interviewing the victim.  Without any such showing,

the Court cannot find that Petitioner was prejudiced by any supposed failure on the part of defense counsel. Therefore, the Court need not decide whether defense counsel's failure to interview the victim amounted to a deficient performance. See Apfel, 97 F.3d at 1076.

### b. Inadequate Time to Prepare

"[E]very refusal to postpone a criminal trial will not give rise to . . . a presumption" that counsel was ineffective. United States v. Cronic, 466 U.S. 648, 661 (1984). The question "is whether the circumstances surrounding respondent's representation . . . justif[y] such a presumption." Id. If the surrounding circumstances result in such a presumption, actual prejudice must still be established. Strickland, 466 U.S. at 687-88.

There is no evidence in the record or offered by Petitioner for the Court to conclude that the denial of counsel's request for a later trial date prejudiced Petitioner. To the contrary, the record suggests that the denial had little to no effect on Petitioner's defense, as his counsel filed approximately thirteen motions or memoranda between the dates of April 4, 2011 and May 18, 2011. [Docket Nos. 17-19, 30-37, 44, 51] Defense counsel cross-examined witnesses and argued Petitioner's defense in closing arguments. The Court finds that the denial of

counsel's request to postpone Petitioner's trial did not cause prejudice to Petitioner.

### 2. Failure to Raise a Jurisdictional Challenge

Petitioner next asserts that counsel was ineffective because he failed to familiarize himself with the Red Lake Band of Chippewa Indians' treaties and their influence on federal law.  In support of his claim, Petitioner has provided the Court with a tribal resolution and various sections of Title 25 of the United States Code.

Petitioner has failed to show how he was prejudiced by such an omission. Any jurisdictional challenge that could have been made would have failed on the merits.

> Any Indian who commits against the person or property of another Indian or other person any of the following offenses, namely, murder, manslaughter, kidnapping, maiming, a felony under chapter 109A, incest, a *felony assault under section 113*, an assault against an individual who has not attained the age of 16 years, felony child abuse or neglect, arson, burglary, robbery, and a felony under section 661 of this title within the Indian country, shall be subject to the same law and penalties as all other persons committing any of the above offenses, within the *exclusive* jurisdiction of the United States.

18 U.S.C. § 1153(a). (emphasis added).  "Indian country" is defined as:

9

> all land within the limits of any Indian reservation under the jurisdiction of the United States Government, notwithstanding the issuance of any patent, and, including rights-of-way running through the reservation, (b) all dependent Indian communities within the borders of the United States whether within the original or subsequently acquired territory thereof, and whether within or without the limits of a state, and (c) all Indian allotments, the Indian titles to which have not been extinguished, including rights-of-way running through the same.

18 U.S.C. § 1151(a). The Eighth Circuit has held that Petitioner's Reservation, the Red Lake Reservation, is Indian country. See United States v. Clark, 163 F.3d 603 (8th Cir. 1998). By committing his crime on Indian country, Petitioner was properly subject to federal jurisdiction. Id. Petitioner was not prejudiced by defense counsel's failure to raise a meritless jurisdictional challenge.

### D. Abuse of Judicial Discretion

Petitioner argues that the Court abused its judicial discretion by (1) denying defense counsel's motion for a later trial date; (2) allowing Petitioner's treaty rights to be misrepresented (which resulted in the Court exercising improper jurisdiction over Petitioner); and (3) permitting the "government to use unfair tactics to obtain [a] conviction." [Docket No. 102] In support of these claims, Petitioner provided the Court with the previously noted letter, dated April 27, 2011, from defense counsel requesting that Petitioner's trial date be postponed due to a potential conflict and Resolution No. 14-02 of the Red Lake

Band of Chippewa Indians.  Petitioner explains that due to his inability to obtain his trial transcripts, he is unable to provide adequate support for his claim that the Court abused its discretion.

Because Petitioner previously raised these claims on direct appeal, he is barred from raising them in a motion under 28 U.S.C. § 2255.  See Wiley, 245 F.3d at 752.  There is an exception to this general rule, applicable in instances where "'petitioners have produced convincing new evidence of actual innocence,' [but] new evidence that defendant was 'actually innocent of the sentence imposed' would not be sufficient because 'the actual-innocence exception does not apply to noncapital sentences.'"  Sun Bear v. United States, 644 F.3d 700, 706 (8th Cir. 2011) (quoting Wiley, 245 F.3d at 752).

In his direct appeal, Petitioner unsuccessfully challenged the Court's evidentiary rulings made at trial.  Tarnow, 705 F.3d at 814-15.  Specifically, Petitioner asserted that the Court improperly admitted evidence under Federal Rule of Evidence 404(b).  The Court of Appeals ultimately found his arguments unpersuasive.  Id. at 815.

Petitioner has not identified the difference between his current motion and his previous claim on direct appeal.  He has provided the Court with conclusory

statements only. The Court concludes that Petitioner is attempting to relitigate the same judicial abuse of discretion claim that the Court of Appeals rejected. Tarnow, 705 F.3d at 815. Petitioner is procedurally barred from relitigating this issue. See Wiley, 245 F.3d at 752; see also United States v. McGee, 201 F.3d 1022, 1023 (8th Cir. 2000).

### E. Lack of Jurisdiction

Petitioner's final assertion is that the Court lacks jurisdiction over this matter. As previously discussed, the law on this issue has been well settled. See Clark, 163 F.3d at *1. Petitioner's offense conduct falls squarely within federal jurisdiction under 18 U.S.C. § 1153(a).

## IV. EVIDENTIARY HEARING

"Because the petition, briefs, and record conclusively how that [Petitioner] is not entitled to § 2255 relief," an evidentiary hearing is not appropriate. Noe v. United States, 601 F.3d 784, 792 (8th Cir. 2010).

## V. CERTIFICATE OF APPEALABILITY

With regard to the Court's procedural rulings, the Court concludes that no "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right;" nor would "jurists of reason . . . find

it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). With regard to the Court's decision on the merits, it concludes that no "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. Therefore, the Court denies a Certificate of Appealability in this case.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED:**

1. Petitioner Douglas Wayne Tarnow's pro se Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255 [Docket No. 102] is **DENIED**.

2. The Court denies a Certificate of Appealability in this case.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: December 29, 2014           s/ Michael J. Davis
                                    Michael J. Davis
                                    Chief Judge
                                    United States District Court