UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

UNITED STATES OF AMERICA,

      Plaintiff/Respondent,

v.

                                        **MEMORANDUM OF LAW & ORDER**
                                        Criminal File No. 11-85 (MJD/LIB)

DOUGLAS WAYNE TARNOW,

      Defendant/Petitioner.
_____

Clifford B. Wardlaw, Assistant United States Attorney, Counsel for Plaintiff.

Douglas Wayne Tarnow, pro se.
_____

## I.    INTRODUCTION

This matter is before the Court on Petitioner Douglas Wayne Tarnow's ("Petitioner") pro se Supplement Response [Docket No. 112] to the Court's Order denying his Motion under 28 U.S.C. § 2255.

## II.    BACKGROUND

On May 19, 2011, Petitioner was found guilty of Aggravated Sexual Abuse. [Docket No. 58] The Court sentenced Petitioner to 480 months in prison and a lifetime of supervised release. [Docket No. 75] Petitioner then appealed his

1

conviction and sentence.  On February 8, 2013, the Eighth Circuit affirmed the judgment of this Court.  United States v. Tarnow, 705 F.3d 809 (8th Cir. 2013).

On May 12, 2014, Petitioner filed a pro se Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255, arguing three grounds for relief:  (1) ineffective assistance of counsel based, in part, on his counsel's failure to learn the facts and law of the case, including tribal laws and treaties; (2) abuse of judicial discretion; and (3) lack of jurisdiction due to Petitioner's status as a member of the Red Lake Band of Chippewa Indians.

On December 29, 2014, the Court denied Petitioner's § 2255 motion, while also denying a certificate of appealability on Petitioner's case.  The Court rejected Petitioner's ineffective assistance of counsel claim because it failed to show actual prejudice.  Specifically, the Court addressed Petitioner's claim that his counsel failed to familiarize himself with tribal resolutions and treaties in order to bring a jurisdictional challenge.  The Court explained that Petitioner's Reservation, the Red Lake Reservation, is Indian Country, and that Petitioner was properly subject to federal jurisdiction.  Therefore, Petitioner was not prejudiced by his defense counsel's failure to raise a meritless jurisdictional argument.

III.   DISCUSSION

On March 10, 2015, Petitioner filed the instant, self-styled Pro Se Supplement Response. In it, Petitioner restates his ineffective assistance counsel claim. He argues that his counsel's "failure to familiarize with Red Lake Chippewa treaty [sic] and resolutions caused him to be ineffective in an adverse criminal proceeding." (Supp. Resp. p. 2.) Petitioner also calls this Court's attention to an alleged misapplication of a Sioux treaty against Red Lake Chippewa treaty language. (Id.) Petitioner requests due process and evidentiary hearings to further develop and argue his claims.

### A.   Rule 60(b)

This Court has already ruled on Petitioner's § 2255 motion. Thus, the Court construes the Supplement Response as a motion for relief from a judgment under Federal Rule of Civil Procedure 60(b).

As such, the Court must determine whether the motion is actually a second or successive attempt at habeas relief. See Boyd v. United States, 304 F.3d 813, 814 (8th Cir. 2002). If the Court determines that Petitioner's motion is a second or successive habeas petition, the Court must dismiss it or transfer the motion to the Court of Appeals. Id.

### B.   Whether Petitioner's Rule 60(b) Motion is a Successive or Second Attempt at Habeas Relief

"A Rule 60(b) motion is a second or successive habeas corpus application if it contains a claim." <u>Ward v. Norris</u>, 577 F.3d 925, 933 (8th Cir. 2009). A Rule 60(b) motion contains a claim "if it attacks the federal court's earlier resolution of a <u>claim on the merits</u> . . . ." <u>Gonzalez v. Crosby</u>, 545 U.S. 524, 532 (2005) (emphasis in original). Conversely, a habeas petitioner's Rule 60(b) motion is proper when it challenges "some defect in the integrity of the federal habeas proceedings." <u>Id.</u>

Petitioner's Rule 60(b) motion does not attack the integrity of § 2255 proceedings. Rather, the motion is merely a more defined version of his meritless ineffective assistance of counsel and jurisdictional claims. Petitioner's motion attacks the Court's "response of denial" to Petitioner's initial § 2255 motion. (Supp. Resp. p. 1.) Therefore, the Court determines that the motion is a second or successive habeas petition. Because the Eighth Circuit did not authorize Petitioner's motion, Petitioner's motion is dismissed.

**C.     Request for Hearings and Certificate of Appealability**

The Court denies Petitioner's request for evidentiary and due process hearings. <u>Noe v. United States</u>, 601 F.3d 784, 792 (8th Cir. 2010). The Court also denies a Certificate of Appealability because Petitioner has not made a

substantial showing of the denial of a constitutional right.  See 28 U.S.C. § 2253(c)(2); Copeland v. Washington, 232 F.3d 969, 977 (8th Cir. 2000).

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED:**

1. Petitioner Douglas Wayne Tarnow's pro se Supplement Response [Docket No. 112] which the Court construes as a second or successive § 2255 motion, is **DENIED**.

2. Petitioner's request for evidentiary and due process hearings is **DENIED.**

3. The Court **DENIES** a Certificate of Appealability in this case.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated:  July 10, 2015                    s/ Michael J. Davis
                                         Michael J. Davis
                                         United States District Court

5